UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED - KZ

06 AUG 17 PM 3: 27

U.S. DISTRICT COURT
WESTERN DISTRICT MICH.

| | |
|---|---|
| CAPTAIN JOHN J. KELLEY POST No. 1355, VETERANS OF FOREIGN WARS OF THE UNITED STATES, JANET REED, DONALD REED, CHERYL CONNELLY, CHARLES MAINS, and HARRY SHERMAN, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF STURGIS, STURGIS POLICE DEPARTMENT, DAVID NORTHROP, LOUIS ROSADO, and MICHIGAN LIQUOR CONTROL COMMISSION, <br><br> Defendants. _____/ | Case No. 4:06-CV-93 <br><br> Hon. Richard Alan Enslen |

**ORDER**

This matter is before the Court on Plaintiffs Captain John J. Kelley Post Number 1355, Veterans of Foreign Wars of the United States ("VFW"), Janet Reed, Donald Reed, Cheryl Connelly, Charles Mains, and Harry Sherman's Emergency *ex Parte* Motion for a Stay of Pending Proceedings/Liquor Control Commission Scheduled for Monday, August 21, 2006. For the reasons set forth below, the Court will deny Plaintiffs' Motion.

According to Plaintiffs, on April 25, 2006, Defendant Sturgis Police Department entered Plaintiff VFW—which is a private organization and not open to the public—under the authority of Defendant Michigan Liquor Control Commission and confiscated Plaintiff VFW's patrons' identifications and forced them to submit to preliminary breathalyzer tests. Defendant Sturgis Police Department did not have a valid warrant or probable cause to believe that a crime had been

committed. As a result of Defendant Sturgis Police Department's illegal search and seizure, an incident report was provided to Defendant Michigan Liquor Control Commission who later issued a complaint against Plaintiff VFW. Plaintiff VFW is scheduled to appear before Defendant Michigan Liquor Control Commission on August 21, 2006, to determine whether it has violated the Michigan Liquor Control Code of 1998. MICH. COMP. LAWS §§ 436.1101-.2303. Plaintiffs now move to temporarily restrain Defendant Michigan Liquor Control Commission from holding its August 21, 2006 proceeding until this Court decides whether Defendants' evidence was obtained incident to an illegal search.[1]

This Court may grant a temporary restraining order:

> [W]ithout written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED. R. CIV. P. 65(b). A party's injury is considered irreparable if it is not fully compensable by money damages. *Performance Unlimited Inc. v. Questar Publishers Inc.*, 52 F.3d 1373, 1382 (6th Cir. 1995); *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). Plaintiffs have fallen well short of demonstrating to this Court that they will suffer an irreparable injury. Should it later be determined that Defendants' search violated the United States Constitution, Plaintiffs will be

---

[1] The Court has construed Plaintiffs' Emergency *ex Parte* Motion for a Stay of Pending Proceedings/Liquor Control Commission Scheduled for Monday, August 21, 2006 as arising under Federal Rule of Civil Procedure 65(b) because a stay refers to the Court's inherent authority to halt its own proceedings, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), whereas the injunctive relief in Rule 65 contemplates a court order that commands or prevents the actions of another. Plaintiffs cannot proceed under Rule 65(a) because they have not provided Defendants with notice of their Motion. Thus, Rule 65(b) is the only possible procedural vehicle left under which the Court can assess Plaintiffs' requested relief.

adequately compensated by a monetary damage award, which would fully account for any adversity suffered before Defendant Michigan Liquor Control Commission on the strength of the illegally obtained evidence.[2] Furthermore, the Court has serious doubts that Defendants' search was illegal given that a warrantless search is permissible under Michigan's Liquor Control Code. *See People v. Thomas*, 505 N.W.2d 873, 875 (Mich. App. 1993); *Hamilton v. Lokuta*, 803 F. Supp. 82, 84-86 (E.D. Mich. 1992); *People v. Jones*, 447 N.W.2d 844, 847 (Mich. App. 1989).

Finally, Plaintiffs' attorney has made no written certification detailing his efforts to contact Defendants nor has he justified why the Court should proceed *ex parte*. *See First Tech. Safety Sys. Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993). Because Plaintiffs have not shown that they are entitled to relief under Rule 65(b), the Court will deny their Motion.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiffs Captain John J. Kelley Post Number 1355, Veterans of Foreign Wars of the United States ("VFW"), Janet Reed, Donald Reed, Cheryl Connelly, Charles Mains, and Harry Sherman's Emergency *ex Parte* Motion for a Stay of Pending Proceedings/Liquor Control Commission Scheduled for Monday, August 21, 2006 is **DENIED**.

**IT IS FURTHER ORDERED** that the **CLERK** shall make Plaintiffs' Emergency *ex Parte* Motion for a Stay of Pending Proceedings/Liquor Control Commission Scheduled for Monday, August 21, 2006 and this Order available for public inspection.

DATED in Kalamazoo, MI:

8-18-06

RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] It should be noted that Plaintiffs' alleged constitutional injury has already occurred. *Cf. Elrod v. Burns*, 427 U.S. 347, 373 (1976) (threatened constitutional deprivation is an irreparable injury).